**Patricia A. SCIULLI, Appellant,**

v.

**UNITED STATES of America.**

No. 04–4292.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 June 30, 2005.

Filed July 28, 2005.

John R. Mininno, Mininno Law Office, Collingswood, NJ, for Patricia A. Sciulli.

George S. Leone, Office of United States Attorney, Newark, NJ, for United States of America.

Before SLOVITER, FUENTES and NYGAARD,* Circuit Judges.

OPINION

PER CURIAM.

Appellant Patricia Sciulli pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344 and failure to report income in violation of 18 U.S.C. § 7206(1) in United States District Court for the District of New Jersey. In pertinent part, the plea agreement provided for a waiver of appeal so long as the total offense level determined by the sentencing court was equal to or less than 19. In August 2003, the District Court imposed a term of imprison-

* Judge Richard L. Nygaard assumed senior sta-    tus on July 9, 2005.

ment of 37 months. The sentence was based on a total offense level of 21, which included a 2–level enhancement for abuse of trust and a 2–level multi-count adjustment. Sciulli contested these adjustments at sentencing, particularly the abuse of trust adjustment. She did not, however, appeal the sentence.

On August 17, 2004, Sciulli, through counsel, filed a motion to vacate sentence under 28 U.S.C. § 2255, in which she contended that her sentence was the result of judicial fact-finding, she did not consent to judicial fact-finding, and she did not admit to, and vigorously contested, those facts relied on by the sentencing court to justify the 2–level enhancement for abuse of trust. The motion was grounded on the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),[1] which was decided after Sciulli's conviction became final.[2] In an order entered on November 19, 2004, the District Court denied the section 2255 motion, concluding that *Blakely* was not retroactive to cases on collateral review.

Sciulli appealed, and the District Court thereafter granted a certificate of appealability as to the question whether *Blakely* is retroactive to cases on collateral review. After Sciulli filed her brief and appendix on appeal, we decided *Lloyd v. United States*, 407 F.3d 608 (3d Cir.2005), and we then asked the parties to submit written argument in support of, or in opposition to, summary affirmance. The parties have responded.

We will summarily affirm the order of the District Court denying Sciulli's section 2255 motion under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. The United States Supreme Court held in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (U.S.2005), that, because the federal sentencing guidelines allowed judges to find facts that lead to a greater sentence than that authorized by the facts established by a plea of guilty or a jury verdict, they were not mandatory. *Id.* at 756. We held in *Lloyd* that the rule announced in *Booker*, which applied the *Blakely* rule to the federal sentencing guidelines, is a new rule of constitutional procedure that is not retroactively applicable to cases on collateral review. *Lloyd*, 407 F.3d 608. Sciulli concedes that *Lloyd* controls the outcome of this appeal from a case on collateral review. He is thus not entitled to relief under *Blakely* and *Booker*.

We will summarily affirm the order of the District Court denying the section 2255 motion.

---

1. *Blakely* held that the State of Washington's determinate sentencing scheme, a scheme similar to the federal sentencing guidelines, violated the Sixth Amendment right to a jury trial insofar as a judge may find facts upon the less stringent preponderance of the evidence standard. *Id.* at 2538.

2. A conviction becomes final after the appeal period expires if no appeal is taken. *Kapral v. United States*, 166 F.3d 565, 572 (3d Cir. 1999).